United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT FREEMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>STEPHEN HURST, et al.,<br><br>        Defendants. | Case No.  22-cv-05022-MMC<br><br>**ORDER GRANTING DEFENDANT SAVANT HWP, INC.'S MOTION TO TRANSFER ACTION TO DISTRICT OF NEVADA; VACATING HEARING** |

Before the Court is defendant Savant HWP, Inc.'s Motion to Transfer Venue, filed October 20, 2022, as amended October 25, 2022, whereby said defendant seeks an order transferring the above-titled action to the District of Nevada.  Plaintiff Scott Freeman has filed a Notice of Joinder.  No other response to the motion has been filed.

Having read and considered the unopposed motion, the Court finds, for the reasons stated therein, that transfer is in the interests of justice.[1]  In particular, plaintiff is pursuing in the District of Nevada an earlier-filed action, see Freeman v. Hurst, 2:22-cv-01433, in which he has sued the same defendants named in the above-titled action, based on the same allegations made in the instant action, a factor weighing strongly in favor of transfer.  See A.J. Industries v. United States District Court, 503 F.2d 384, 389 (9th Cir. 1974) (holding "feasibility of consolidation" with action in transferee court is "significant factor in a transfer decision").  Additionally, "the respective parties' contacts with the forum" and "the contacts relating to the plaintiff's cause of action," see Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000) (identifying factors), weigh in

---

[1] The hearing scheduled for December 2, 2022, is hereby VACATED.

favor of transfer, as (1) the vast majority of the acts alleged by plaintiff occurred in Nevada, (2) the majority of the defendants reside in Nevada, (3) plaintiff, who, as noted, joins in the motion to transfer, was a citizen of Nevada during the period of time in which he asserts his claims arose,[2] and (4) what appears to be the only connection to this district is the residence of Russell Burbank, a defendant who is alleged to have engaged in wrongdoing while acting as the trustee for two Nevada corporations and who has not opposed transfer.

Accordingly, the motion is hereby GRANTED, and the above-titled action is hereby TRANSFERRED to the District of Nevada.

**IT IS SO ORDERED.**

Dated: November 9, 2022

MAXINE M. CHESNEY
United States District Judge

---

[2] Plaintiff presently resides in the U.S. Virgin Islands.